**THOMAS A. MORRONE - 017151999**
**CHASAN LAMPARELLO MALLON & CAPPUZZO, PC**
**300 LIGHTING WAY, SUITE 200**
**SECAUCUS, NJ 07094**
**(201) 348-6000**
**ATTORNEYS FOR DEFENDANTS, AUTUMN M. MOGAVERO AND WILLIAM P. GANLEY**
**(03324-8215)**

---

| | |
|---|---|
| **MARK MARGANSKI ,** | **UNITED STATES DISTRICT COURT** |
| **Plaintiff,** | **DISTRICT OF NEW JERSEY** |
| | **DOCKET NO. 3:24-CV-01289** |
| **vs.** | |
| | **Civil Action** |
| **AUTUMN M. MOGAVERO, WILLIAM P. GANLEY, JOHN DOE 1-10 (fictitious Name), ABC CORP. 1-10 (fictitious Name) ,** | **ANSWER, SEPARATE DEFENSES AND JURY DEMAND** |
| **Defendants.** | |

Defendants, Autumn M. Mogavero and William P. Ganley, by way of Answer to the Complaint, say:

<u>**PARTIES**</u>

1.     This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Parties Count.

2.     This defendant admits the allegations set forth in Paragraph 2 of the Parties Count.

3.     This defendant admits the allegations set forth in Paragraph 3 of the Parties Count.

<u>**JURISDICTION**</u>

4.     This defendant makes no response to the allegations contained in Paragraph 4 of the Jurisdiction Count of the Complaint insofar as those allegations are

not directed against this defendant.   In the event said allegations are deemed to construe negligence against this defendant, then this defendant denies same.

5.      This defendant denies the allegations set forth in Paragraph 5 of the Jurisdiction Count.

6.      This defendant denies the allegations set forth in Paragraph 6 of the Jurisdiction Count.

## FIRST COUNT

7.      This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the First Count.

8.      This defendant admits the allegations set forth in Paragraph 8 of the First Count.

9.      This defendant denies the allegations set forth in Paragraph 9 of the First Count.

10.     This defendant denies the allegations set forth in Paragraph 10 of the First Count.

11.     This defendant denies the allegations set forth in Paragraph 11 of the First Count.

12.     This defendant denies the allegations set forth in Paragraph 12 of the First Count.

13.     This defendant denies the allegations set forth in Paragraph 13 of the First Count.

**Wherefore**, Defendants, Autumn M. Mogavero and William P. Ganley, demands judgment against the plaintiff, dismissing the Complaint with costs of suit.

## SEPARATE DEFENSES

1.     The accident and damages complained of were not the result of the negligence of these defendants.

2.     The accident and damages complained of were the result of the negligence of third parties and/or persons over whom these defendants had no control.

3.     The accident and damages complained of were the result of the negligence of the plaintiff which either caused the same or contributed to the happening thereof, and these defendants are not liable, therefore, to the plaintiff.

4.     The accident and damages complained of were the result of the negligence of the plaintiff which was greater than any negligence of these defendants, and these defendants are, therefore, not liable to the plaintiff under the provisions of the State of New Jersey, generally known as the Comparative Negligence Law, N.J.S.A. 2A:15-5.1, et seq.

5.     The accident and damages complained of were the result of the contributory negligence of the plaintiff and the plaintiff is chargeable with their proportionate share of negligence which contributed to the happening of the accident pursuant to N.J.S.A. 2A:15-5.1, et seq.

6.     Plaintiff is barred from recovery by reasons of the applicable provisions of the New Jersey Reparation Reform Act, N.J.S.A. 39:6A-1, et seq.

7.     The Doctrine of Avoidable Consequences bars some or all of plaintiff's damages, as plaintiff has failed to avoid some or all of the consequences of the accident, or to otherwise mitigate damages, by plaintiff's conduct including, but not limited to, failure to wear a seat belt contrary to N.J.S.A. 39:3-76.2, et seq.

8.      In accordance with N.J.S.A. 2:15-97, if the plaintiff receives or is entitled to receive benefits for the injuries allegedly incurred from any other source besides a joint tortfeasor, the amount of these benefits, except for workers' compensation benefits or the proceeds from a life insurance policy, which duplicates any benefit contained in an award pursuant to a verdict or judgment against defendants, Autumn M. Mogavero and William P. Ganley , less any premium paid to an insurer directly by the plaintiff or by any member of the plaintiff's family on behalf of the plaintiff for the policy period during which the benefits are payable, shall be deducted from any such award recovered by the plaintiff.

## DEMAND FOR PRODUCTION OF STATEMENTS

Demand is hereby made that you provide the attorney filing this pleading with true and complete copies of any statements made by the client of this attorney, pursuant to Rule 4:10-2(c).  This demand is deemed to be continuing.

## DEMAND FOR INTERROGATORIES

Pursuant to Rule 4:17-1(b), demand is hereby made upon you to furnish answers to the interrogatories set forth in Form A of Appendix II within the 60 day period allowed by the Rules of Court.

## DEMAND FOR HIPAA AUTHORIZATIONS

PLEASE TAKE NOTICE that the defendants demand signed HIPAA authorizations for all treating providers pursuant to Rule 4:17-4(f).

## JURY DEMAND

Defendants, Autumn M. Mogavero and William P. Ganley , hereby demand(s) a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Thomas A. Morrone, Esq. is designated as trial counsel.

## CERTIFICATION

I hereby certify that a copy of the within Answer was served within the time prescribed by Rule 4:6.

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not now the subject of any other action pending in any other court, or of a pending arbitration proceeding, to the best of my knowledge and belief.

Also, to the best of my belief, no other action or arbitration proceeding is contemplated.

Further, other than the parties set forth in this pleading and previous pleadings, at the present time I know of no other parties that should be joined in the within action.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**CHASAN LAMPARELLO MALLON & CAPPUZZO, PC**
**Attorneys for Defendants, Autumn M. Mogavero and**
**William P. Ganley**

By: _____
            THOMAS A. MORRONE

**DATED:** April 12, 2024