UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK MARGANSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>AUTUMN M. MOGAVERO, WILLIAM P. GANLEY, JOHN DOE 1-10 (FICTITIOUS NAME), ABC CORP. 1-10 (FICTITIOUS NAME),<br><br>    Defendants. | Civil Action No.: 3:24-cv-01289-ZNQ-RLS |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND TIME FOR FACT DISCOVERY**

 

CHASAN LAMPARELLO MALLON & CAPPUZZO, PC
300 Lighting Way, Secaucus, NJ 07094
Tel. (201) 348-6000
tmorrone@chasanlaw.com
Attorneys for Defendants
Autumn M. Mogavero and William P. Ganley

THOMAS A. MORRONE
Of Counsel and on the Brief

## LEGAL ARGUMENT

### POINT I

### DEFENDANTS HAVE SHOWN GOOD CAUSE TO EXTEND FACTUAL DISCOVERY

Fed. R. Civ. P. 16(b) governs motions to re-open and extend discovery om Federal Courts. The modification of a scheduling order is "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Fed. R. Civ. P. 16 also notes that the the Courts have the "'discretion to manage the schedule of litigation[.]'" Faiella v. Sunbelt Rentals, Inc., 341 F.R.D. 553, 558 (D.N.J. 2022)(quoting Carroll v. Delaware River Port Auth., No. 13-2833, 2015 WL 12819181, at *3 (D.N.J. Mar. 31, 2015)). "Good cause in this context is established when 'the party seeking the extension' can 'show that the deadlines set forth in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension.'" Ibid. (quoting Williams, at *4 (D.N.J. May 20, 2011)). "'Good cause may also be satisfied if the movant shows that the inability to comply with a scheduling order is "due to any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order."'" Id. At 558-59. "Courts in this District have noted that the focus of a Rule 16 analysis is the moving

1

party's diligence and not prejudice to the non-moving party." Id. At 559.

In this case, the intervening time between the Court's May 2024 order and the filing of this motion has been marked by numerous jury trials that have impeded Defendants' Counsel's ability to comply with the joint scheduling order. Unfortunately, these cases have taken a considerable amount of time and preparation to present to the various juries across the State. Unfortunately, that severely limited this Counsel's ability to schedule Plaintiff's Deposition. Furthermore, in New Jersey State Court, Trials are not scheduled to a judge until the Monday before trial begins. Defense Counsel has thus far, served HIPAA authorizations, scheduled an orthopedic independent medical examination (IME), and scheduled the plaintiff's discovery deposition, in an effort to complete discovery, so this case can be evaluated and/or defended. Therefore, despite Defendants' Counsel's Diligence, there is good cause for the inability to comply with the initial scheduling order.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Extend the Fact Discovery Deadline.

Respectfully submitted,

Thomas A. Morrone
For the Firm